BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
OANA CONSTANTIN (325226)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
constantin@whafh.com

BENJAMIN Y. KAUFMAN
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave, 9th Floor
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
kaufman@whafh.com

*Attorneys for Plaintiff and the Class*

[Additional counsel appear on signature page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER I. SYKES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE CALIFORNIA STATE CONTROLLER and BETTY T. YEE, in her official capacity as California State Controller,<br><br>Defendants. | No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR:**<br><br>**1. VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**<br><br>**2. VIOLATION OF THE CALIFORNIA CONSTITUTION, ART. I, SEC. 19**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jennifer I. Sykes ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as further defined below), complains against Defendant Office of the California State Controller and Defendant Betty T. Yee, California State Controller, in her official capacity (the "Controller" and, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action to challenge the constitutionality of the California Unclaimed Property Law, California Code of Civil Procedure ("CCP"), § 1500, *et seq.* (the "UPL"), under the Fifth and Fourteenth Amendments to the United States Constitution and under Article I, Section 19 of the California Constitution.

2. The UPL requires Defendants to take and hold for public use private property after there has been no activity on the account or contact with the owner for a period of time specified in the UPL—generally three (3) years—using those funds for State obligations but without paying just compensation to the owners thereof.

3. The Takings Clause of the Fifth Amendment prohibits the government from taking or using private property for public use without just compensation to the property owner.

4. Article I, Section 19 of the California Constitution likewise prohibits the State from taking a person's property or applying it to public use without just compensation being paid to the owner.

5. As protected by the Fifth Amendment and Article I, Section 19 of the California Constitution, just compensation means the full monetary equivalent of the property taken from its owner or another who is entitled to the property, including the benefit of the use of that property by the State.

6. The Fifth Amendment and Article I, Section 19 of the California Constitution protect not only the principal of unclaimed property in the custody of the State, but also the time-value of the property.

7. At a minimum, just compensation requires that the owners and others entitled to claim property that is unclaimed are entitled to receive back from the State the so-called "time value" of their property for as long as the property is in the possession or control of the State and used by the State for governmental or public purposes.

8. However, the UPL prohibits the accrual and payment of interest over and above the original amount of the unclaimed property received by the Controller to the owner or person entitled to recover the unclaimed property, and does not otherwise provide for the payment of dividends, accruals, earnings, investment returns, and other benefits earned on and from, or just compensation for, unclaimed or abandoned property used for public purposes to the owner thereof.

9. The UPL thus violates the Takings Clause of the Fifth Amendment and Article I, Section 19 of the California Constitution because it denies just compensation to the owner or person entitled to recover the unclaimed property.

10. As alleged below, Defendants do not pay interest, dividends, accruals, earnings, investment returns, or other benefits above the original amount of the unclaimed property to the owner or person entitled to recover the unclaimed property.

**PARTIES**

11. Plaintiff Jennifer I. Sykes is and has been at all relevant times a citizen and resident of Canyon Country, California. Plaintiff is an "owner" of property, as defined in CCP § 1540(d), that Defendants are currently holding in custody pursuant to the UPL.

12. Defendant California State Controller's Office is and at all relevant times has been an agency of the State of California.

13. Defendant Betty T. Yee ("Yee" or the "Controller"), who is sued in her official capacity, is and since 2015 has been the State Controller of California. In this role, Defendant Yee is responsible for all operations, policies, and procedures

of the State Controller's Office. All allegations against the State Controller's Office herein therefore also apply to Defendant Yee to the extent provided by law, and vice-versa.

## JURISDICTION AND VENUE

14. The claims in this Complaint arise under the Fifth and Fourteenth Amendments to the United States Constitution and under Article I, Section 19 of the California Constitution. As such, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). In addition, Count I of this Complaint involves a claim for a Declaratory Judgment under 28 U.S.C. § 2201, *et seq*.

15. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claim under Article I, Section 19 of the California Constitution, which is so related to Plaintiff's claim under the Fifth Amendment that it forms part of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this District under 28 U.S.C. § 1391(b) because the State Controller's Office is a state government entity that maintains an executive office in this district (Los Angeles), all Defendants reside in California, and a substantial part of the events giving rise to this action occurred in this District.

## STATEMENT OF FACTS

**The UPL and Its Operation**

17. The UPL applies to unclaimed property that is held by a third party, for example, a bank, insurance company, corporation, or public utility. Unclaimed property is generally defined as any financial asset left inactive by its owner for a period of time, typically three (3) years. Under the UPL, CCP § 1500, *et seq*., such property is temporarily transferred to the custody of the State. The UPL provides, "Notwithstanding any provision of law to the contrary, property received by the state under this chapter shall not permanently escheat to the state." CCP § 1501.5. Therefore, the UPL (CCP §§ 1500, *et seq*.) is not a true escheat statute; it gives the

State custody, not ownership, of unclaimed property.[1]

18. The UPL has dual objectives: to reunite owners with unclaimed funds or property, and to give the State, rather than the holder, such as a bank or insurance company, the benefit of the use of unclaimed funds or property. The State, through the Controller, acts as the protector of the rights of the true owner. The UPL declares, "It is the intent of the Legislature that property owners be reunited with their property." CCP § 1501.5. "Owner" is defined under the UPL as:

> a depositor in case of a deposit, a beneficiary in case of a trust, or creditor, claimant, or payee in case of other choses in action, or any person having a legal or equitable interest in property subject to this chapter, or his or her legal representative.

CCP § 1501.

19. The UPL requires corporations, businesses, associations, financial institutions, and insurance companies (referred to as "holders") to annually self-report and deliver property to Defendants by prescribed deadlines if there has been no activity on the account or contact with the owner for a specified period of time (generally three (3) years). Holders must transfer property to the State once the property meets the UPL's definition of unclaimed property and pay the State interest at the rate of twelve percent (12%) per annum for property not timely reported or delivered. *See* CCP § 1577. The most common types of unclaimed property are: bank accounts and safe deposit box contents; stocks, mutual funds, bonds, and dividends; uncashed cashier's checks and money orders; certificates of deposit;

---

[1] While Chapter 1 of Title 10 defines "[e]scheat" to mean "the vesting in the state of title to property the whereabouts of whose owner is unknown or whose owner is unknown . . .," the taking of title and not just possession or custody by the state under the UPL is a fiction. Indeed, that same subsection defines "escheat," "[w]hen used in reference to the law of another state," as including "the transfer to the state of the right to the *custody* of such property." CCP § 1300(c) (emphasis added).

-4-

matured or terminated insurance policies; estates; mineral interests and royalty payments; trust funds and escrow accounts; and utility account deposits. The UPL requires businesses to self-report and then deliver such unclaimed property to the Controller by prescribed deadlines, and pay the State interest for property not timely reported or delivered.

20. California currently has $11.2 billion in unclaimed property. Virtually all unclaimed properties are cash assets. The State collects hundreds of millions of dollars in unclaimed or abandoned property annually but returns just a fraction of that amount to the property owners. The State retains and uses the interest, dividends, accruals, earnings, investment returns, and other benefits earned on and from unclaimed property for public purposes.

21. Upon information and belief, the Controller does not pay interest, dividends, accruals, earnings, investment returns, or other benefits above the original amount of the unclaimed property to the owner or person entitled to recover the unclaimed property and is prohibited by statute from doing so. *See* CCP § 1540.

22. The State deprives Plaintiff and all other Class members of just compensation on unclaimed or abandoned property it uses for public purposes.

23. All money received under the UPL is appropriated for the State's use to make payments in connection with administering the UPL and to transfer to the General Fund. *See* CCP § 1564. Upon information and belief, unclaimed property in the General Fund is invested alongside the State's General Fund, and thus earns interest, dividends, accruals, earnings, investment returns, and other benefits, and is freely used to fund the State's general obligations. The State otherwise pays interest at market rates to borrow money to fund its general obligations.

24. The Takings Clause of the Fifth Amendment to the United States Constitution prohibits the government from taking or using private property for public use without just compensation to the property owner.

25. Article I, Section 19 of the California Constitution likewise prohibits

the government from taking or using private property for public use without just compensation to the property owner. Under Section 1540 of the UPL, the owner or any other person claiming an interest in any unclaimed property paid or delivered to the Controller may file a claim with the Controller for return of the property or for the net proceeds from the sale of the property.

26. However, under CCP § 1540, the owner of or person entitled to recover unclaimed or abandoned property is not entitled to interest on or just compensation for such property: "Interest shall not be payable on any claim paid under this chapter." Section 1540 of the UPL, therefore, expressly prohibits the payment of interest on unclaimed property and expressly divests any prior right of the owner of or person entitled to unclaimed property to interest thereon. Neither does the State pay just compensation.

27. Under CCP § 1562, for example, the rightful owner or person entitled to unclaimed dividend- or interest-bearing securities prior to its conversion to cash is entitled to any dividends or interest that accrues up to the time the claim is paid.[2] However, with respect to all other unclaimed property, the UPL does not provide for compensation to any owner for the State's taking of the fruits of the abandoned property and the use of that property to fund State obligations during the period it is in the State's custody.

---

[2] *See* CCP § 1562: "When property other than money is delivered to the State Controller under this chapter, any dividends, interest or other increments realized or accruing on such property at or prior to liquidation or conversion thereof into money, shall upon receipt be credited to the owner's account by the State Controller. Except for amounts so credited the owner is not entitled to receive income or other increments on money or other property paid or delivered to the State Controller under this chapter. All interest received and other income derived from the investment of moneys deposited in the Unclaimed Property Fund under the provisions of this chapter shall, on order of the State Controller, be transferred to the General Fund."

28. Accordingly, the UPL effectively provides the Controller and the State with an interest-free loan of unclaimed private property funds that the UPL directs to be co-mingled with the State's General Fund while in the State's custody, without providing any just compensation to claiming property owners for the State's use of those private property funds while in the State's custody.

29. The Fifth Amendment of the United States Constitution requires the State to pay just compensation to the owners and others entitled to claim unclaimed or abandoned property that has escheated to the State.

30. Article I, Section 19 of the California Constitution likewise requires the State to pay just compensation to the owners and others entitled to claim unclaimed or abandoned property that has escheated to the State.

31. At a minimum, just compensation requires that the owners and others entitled to claim unclaimed or abandoned property are entitled to receive back from the State the so-called "time value" of their property (that is, interest, dividends, accruals, and other earnings) for as long as the property is in the possession or control of the State or the rate or yield that the State pays for borrowing funds on the open market or from third parties.

32. The State's obligation to pay just compensation for the public use of unclaimed private property does not depend upon whether the property earned interest, dividends, accruals, earnings, investment returns, or other benefits before it was reported or delivered to the Controller. That obligation arises from the State's use of private property for public use.

33. The State's temporary taking and use of unclaimed property for public purposes while in the Controller's custody constitutes a taking for public use requiring the payment of just compensation under the Fifth Amendment and under Article I, Section 19 of the California Constitution.

34. The Controller neither compensates an owner of unclaimed property for lost interest, dividends, or other earnings or accruals on the property prior to after

1  deposit with the Defendants but prior to sale, or the loss of the beneficial use of
2  property, while it is in the State's custody, nor pays just compensation to any owner
3  for the State's use of the private unclaimed property while in state custody.

4  　　　35.　Moreover, the UPL expressly prohibits owners of unclaimed property
5  from receiving interest on any property and expressly deprives owners of their right
6  to interest on that unclaimed property.  The UPL does not otherwise provide for the
7  payment of interest, dividends, accruals, earnings, investment returns, and other
8  benefits earned on and from unclaimed property for public purposes while it is held
9  or used by the State as custodian, regardless of the nature of the property.

10 　　　36.　As protected by the Fifth Amendment and Article I, Section 19 of the
11 California Constitution, just compensation means, among other things, the full
12 monetary equivalent of the property taken from its owner or another who is entitled
13 to the property.

14 　　　37.　The Supreme Court has held that the Takings Clause protects the time
15 value of money just as much as it does money itself.  The law has developed since
16 the Ninth Circuit Court of Appeals determined that owners of unclaimed property
17 have no Fifth Amendment right to interest earned by their property while held by the
18 State.  *See Turnacliff v. Westly*, 546 F.3d 1113 (9th Cir. 2008) and *Suever v. Connell*,
19 579 F.3d 1047 (9th Cir. 2009).  Federal Courts now recognize that the Fifth
20 Amendment requires that owners of unclaimed property receive the time value of
21 their property (that is, interest or other earnings) along with the return of the
22 property.  *See Goldberg v. Frerichs*, 912 F.3d 1009 (2019); *Kolton v. Frerichs*,
23 869F.3d 532 (2017); *Cerajeski v. Zoeller*, 735 F.3d 577 (7th Cir. 2013).

24 　　　**Plaintiff's Property**
25 　　　38.　According to the Controller's online records, the State currently holds
26 Plaintiff's property in its custody.
27 　　　39.　At all times since delivery of Plaintiff's property to the Controller, the
28 Controller has held that property in custody subject to its being claimed by or on

behalf of Plaintiff.

40. While the Controller has held Plaintiff's property in custody, pursuant to the UPL, the Controller has used the property for public purposes, including by investing the property and earning interest, and otherwise using it to fund the State's operations and programs.

41. Under Section 1540 of the UPL, should Plaintiff claim her property, the Controller will pay Plaintiff a cash payment equal to the total sum of the principal amount of the unclaimed property but will not pay any just compensation to Plaintiff for the State's use of that property during the period of custody.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action on her own behalf and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), seeking declaratory and prospective injunctive relief on behalf of the following Class:

> All persons or entities (including their heirs, assignees, legal representatives, guardians, administrators, and successors in interest) who are owners of unclaimed or abandoned property currently held in custody by the Office of the State Controller or recovered unclaimed property from the Controller at any time since June 6, 2016 (the "Class Period") under the California Unclaimed Property Statute, California Code of Civil Procedure, Section 1500, *et seq*.

43. The members of the Class are so numerous that joinder of all members is impracticable. There are currently hundreds of thousands of persons or entities who own property presumed abandoned and held in custody by the Controller under the UPL and many thousands of persons or entities who recovered their unclaimed property from the Controller during the Class Period.

44. Upon information and belief, the Controller currently holds billions of dollars in unclaimed property in custody, with hundreds of millions of dollars of additional unclaimed property flowing to the State annually.

45. Upon information and belief, the Controller currently pays out approximately $300 million in unclaimed property annually to thousands of claimants, and the average amount of each claim is too small to warrant an individual action challenging the constitutionality of the UPL, making joinder of all Class members impracticable.

46. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff's property is being held in custody under UPL by the Controller and, while in the Controller's custody, is subject to the same provisions of the UPL that prohibit the Controller from compensating Plaintiff and all other owners of unclaimed property for interest or earnings received after deposit with the Controller and prior to sale of the property or for use by Defendants of all monies held as unclaimed property.

47. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

48. There are questions of law or fact common to the Class, including the following:

   a. whether the State's use of unclaimed property in its custody for public purposes is a taking for which just compensation is due;
   b. whether the State's retention and use of interest, dividends, and other earnings or accruals on unclaimed property for public purposes is a taking for which just compensation is due;
   c. the amount of interest, dividends, accruals, and other investment returns realized by the State from the use of the Class members' unclaimed property;
   d. whether the Class is entitled to injunctive and declaratory relief and, if so, what injunctive and declaratory relief is appropriate; and
   e. whether the Class is entitled to injunctive and declaratory relief and what measure of just compensation for the Class is just and proper.

49. Plaintiff's claims arise out of the same common course of conduct by Defendants giving rise to the claims of the other members of the Class. Defendants have acted and refused to act on grounds that apply generally to all members of the Class so that injunctive and declaratory relief are appropriate.

50. Plaintiff anticipates no difficulty in maintaining this action as a class action.

## COUNT I

### CLAIM FOR DECLARATORY AND PROSPECTIVE INJUNCTIVE RELIEF ON BEHALF OF PLAINTIFF AND THE CLASS FOR VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

51. Plaintiff realleges paragraphs 1 through 50 above as though fully set forth herein.

52. The UPL violates the Fifth and Fourteenth Amendments of the United States Constitution in that it directs that unclaimed property transferred to the custody of the Controller must be paid to the State's General Fund and used by the State for public purposes without the payment of just compensation to property owners, upon claiming the property, for the State's use of that property while in its custody for public purposes.

53. Plaintiff and the other members of the Class are entitled to a declaration that the Act violates the Fifth and Fourteenth Amendments of the United States Constitution, that Defendants must pay just compensation according to the standard determined by this Court, and an injunction to ensure that Defendants comply with the Declaration when returning property to owners of unclaimed property.

54. Defendants' unlawful course of conduct will continue absent a declaration from this Court that their conduct violates the constitutional rights of the Plaintiff and the other members of the Class and an injunction from this Court requiring Defendants to change the course of conduct alleged above.

55. Plaintiff and the other members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint. Therefore, judgment may issue under 28 U.S.C. § 2201, *et seq.*

### COUNT II

### CLAIM FOR DECLARATORY AND UNJUNCTIVE RELIEF ON BEHALF OF PLAINTIFF AND THE CLASS FOR VIOLATION OF ARTICLE I, SECTION 19 OF THE CALIFORNIA CONSTITUTION

56. Plaintiff realleges paragraphs 1 through 50 above as though fully set forth herein.

57. The Act violates Article I, Section 19 of the California Constitution in that it directs that unclaimed property transferred to the custody of the Controller must be paid to the State's General Fund and used by the State for public purposes without the payment of just compensation to property owners, upon claiming the property, for the State's use of that property while in its custody for public purposes.

58. Plaintiff and the other members of the Class are entitled to a declaration that the Act violates Article I, Section 19 of the California Constitution.

59. Defendants' unlawful course of conduct will continue absent a declaration from this Court that their conduct violates the constitutional rights of the Plaintiff and the other members of the Class and an injunction from this Court requiring Defendants to change the course of conduct alleged above.

60. Plaintiff and the other members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint. Therefore, judgment may issue under 28 U.S.C. § 2201, *et seq.*

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in her favor and against Defendants as follows:

A. certifying this action as a class action pursuant to Federal Rules of Civil

1  Procedure Rule 23(a) and (b)(2) of the on behalf of the Class defined above and
2  appointing Plaintiff as the Class representative and her counsel as Class Counsel;
3        B.    declaring that the UPL is unconstitutional under the Fifth and
4  Fourteenth Amendments to the United States Constitution and under Article I,
5  Section 19 of the California Constitution;
6        C.    declaring that Defendants' confiscation of interest, dividends, accruals,
7  earnings, investment returns, and other benefits earned on and from unclaimed or
8  abandoned property under the UPL and the State's use of unclaimed private property
9  for public purposes while in the Defendants' custody are takings of property within
10 the meaning of the Fifth and Fourteenth Amendments to the United States
11 Constitution and Article I, Section 19 of the California Constitution for which the
12 State is required to pay just compensation;
13       D.    enjoining Defendants from withholding interest, dividends, accruals,
14 earnings, investment returns, and other benefits earned on and from unclaimed or
15 abandoned property when paying just compensation to the owners of the property;
16       E.    declaring that the proper measure of just compensation is the value of
17 the use of the unclaimed or abandoned property taken and returned to the owner
18 together with interest, dividends, accruals, earnings, investment returns, and other
19 benefits earned on and from the property, including the value of such property as
20 borrowed funds by the State;
21       F.    declaring the standard for Plaintiff and the other members of the Class
22 for measuring the just compensation to the owner for the use of the property taken;
23       G.    declaring that Defendants must pay just compensation according to the
24 standard determined by this Court, and issuing an injunction to ensure that
25 Defendants and the State comply with that Declaration when returning property to
26 owners of unclaimed property;
27       H.    awarding Plaintiff her attorneys' fees and reimbursement of expenses,
28 pursuant to 42 U.S.C. § 1988 and pursuant to applicable principles of equity and law;

and

I.    awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that this matter be tried before a jury.

DATED: June 6, 2022         **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:    */s/ Rachele R. Byrd*

BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
OANA CONSTANTIN (325226)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
constantin@whafh.com

BENJAMIN Y. KAUFMAN
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677
kaufman@whafh.com

ARTHUR SUSMAN
**LAW OFFICE OF ARTHUR SUSMAN**
1540 N. Lake Shore Drive
Chicago, Illinois 60610
Telephone: 847-800-2351
arthur@susman-law.com

*Attorneys for Plaintiff and the Class*